UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x

GREYBIN AMIR CHAVARRIA-ZEPEDA,

Petitioner,

**MEMORANDUM & ORDER**
26-CV-5327(EK)

-against-

MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security, et al.,

Respondents.

-----------------------------------x

ERIC KOMITEE, United States District Judge:

Greybin Amir Chavarria-Zepeda petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Amended Petition ¶¶ 1-5, ECF No. 8. He alleges that he was arrested by U.S. Immigration and Customs Enforcement ("ICE") on February 7, 2026. *Id.* ¶ 36. Following his arrest, ICE determined that he was subject to mandatory detention pursuant to 8 U.S.C. § 1226(c). *Id.* ¶ 1. Petitioner argues that, because he has been detained for more than six months, he is now entitled to a bond hearing at which respondents bear the burden of justifying his continued detention by clear and convincing evidence. *Id.* ¶ 98; *Black v. Decker*, 103 F.4th 133, 150 (2d Cir. 2024), *cert. dismissed sub nom. Genalo v. Black*, No. 25-886, 2026 WL 2752021 (U.S. Sept. 16, 2026). As set forth below, petitioner's request is granted.

## I. Discussion

For substantially the same reasons articulated in the Court's decision in *Catalan Catalan v. Mullin,* No. 26-CV-1680, 2026 WL 1398927, at *1 (E.D.N.Y. May 19, 2026), petitioner is entitled to a bond hearing with the burden on the government.

When a noncitizen's detention under Section 1226 becomes "unreasonably prolonged, due process demands . . . [a] bond hearing [at which] the *government* bears the burden of justifying, by clear and convincing evidence, the detainee's continued detention." *Black v. Almodovar*, 156 F.4th 171, 202 (2d Cir. 2025). The "presumptive limit to [a] reasonable duration" of detention is six months. *Velasco Lopez v. Decker*, 978 F.3d 842, 852 (2d Cir. 2020) (citing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)). When the government has not yet obtained a final removal order for a detained individual — such that there is "no end in sight" to his detention — that fact further weighs in favor of requiring a burden-shifted bond hearing. *Velasco Lopez*, 978 F.3d at 846, 854 n.10; *Fajardo v. Decker*, No. 22-CV-3014, 2022 WL 17414471, at *10 (S.D.N.Y. Dec. 5, 2022).

Here, petitioner has been detained for approximately eight months, such that his detention has exceeded "the presumptive limit to reasonable duration." *Velasco Lopez*, 978 F.3d at 852. And the government has not yet obtained a final order of removal for petitioner. *See* Am. Petition ¶ 44.

*Velasco Lopez* thus counsels in favor of providing Chavarria-Zepeda a bond hearing with the burden on the government.

The government concedes that applying the decisions in *Velasco Lopez* and *Black v. Decker* would "likely lead to a grant of the habeas petition." Gov. Opp'n Ltr. 5, ECF No. 9. Although it contests whether those cases were properly decided, it does not challenge their applicability — or binding nature — here. *See id.*

## II. Conclusion

For the foregoing reasons, petitioner's request for a burden-shifted bond hearing is granted. On or before October 29, 2026, respondents shall afford Chavarria-Zepeda a bond hearing at which the government is required to show, by clear and convincing evidence, that petitioner is either a flight risk or danger to the community to justify his continued detention. The Immigration Judge is also directed to consider Chavarria-Zepeda's ability to pay and alternatives to detention.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: October 15, 2026
Brooklyn, New York